

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

1. MIGUEL SANCHEZ,
2. SHANE SCHNEIDER,
   on behalf of themselves and
   others similarly situated,

   Plaintiffs,

v.

1. NITRO LIFT TECHNOLOGIES, L.L.C.

   Defendant.

CIV-12- **CIV 12-128-RAW**

JURY TRIAL DEMANDED

ATTORNEY LIEN CLAIMED

## COMPLAINT

**COME NOW THE PLAINTIFFS'** and hereby plead their claims as follows:

### PARTIES

1. The Plaintiffs are Miguel Sanchez and Shane Schneider, both adult residents of Marshall County, Oklahoma, on behalf of themselves and other similarly situated.

2. The Defendant is Nitro Lift Technologies, L.L.C., an foreign company doing business in Johnston County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiffs' claims are for failure to pay wages, including overtime compensation, in violation of the Fair Labor Standards Act as set out in 29 U.S.C. § 206, *et seq.* and Oklahoma's Protection of Labor Act as set out in 40 O.S. §165.1, *et seq.* Jurisdiction over the federal claims is vested in this Court under 42 U.S.C. § 2000e-5(f), 29 U.S.C. § 206 and 28 U.S.C. § 1331.

4. Plaintiffs were hired by Defendant in Johnston County, Oklahoma and performed services in and around Johnston County, Oklahoma. Defendant has an office in Johnston County, Oklahoma. Chase Daniels, Plaintiffs' supervisor and a person who determined the rate of Plaintiffs' compensation resides in Johnston County, Oklahoma. Defendant's owners, Danny Daniels and Vernon Daniels, reside in Johnston County, Oklahoma. Defendant's service agent as listed with the Oklahoma

Secretary of State, is located in Johnston County, Oklahoma and Defendant may be served in Johnston County, Oklahoma. Johnston County, Oklahoma is within the Eastern District of the United States District Courts for Oklahoma wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. Defendant is a company who services oil rigs across the United States including in states such as Oklahoma, Pennsylvania and Texas.

6. Defendant charges oil production companies to service such companies' rigs, including pumping water out of the well in order restart production of oil from the oil rig.

7. Defendant receives in payment approximately $4,000 from an oil company for each day it performs services on the oil company's wells. Defendant services oil company wells (and thus receives payment for such services) approximately twenty five days per months, twelve months per year. For this reason, Defendant's annual gross receipts exceed Five Hundred Thousand dollars ($500,000.00).

8. For the reasons set out in paras. 6 and 7, above, Defendant is a covered employer for the purposes of the FLSA.

9. Plaintiffs performed services for Defendant in the position of Nitrogen Operator. Plaintiffs job duties consisted of connecting a nitrogen generation unit to oil rigs, pumping nitrogen into the oil rigs and check the oil rigs to determine if and how much oil or natural gas each well is producing.

10. Plaintiff Schneider worked for the Defendant from approximately July 31, 2008 until approximately June 11, 2010.

11. Plaintiff Sanchez worked for the Defendant from approximately December 2009 until approximately February 27, 2012.

12. Plaintiffs were not supervisors, did not exercise discretion in performing their job

duties, did not have the authority to hire or discipline employees and were not exempt from overtime compensation under the FLSA.

13. Nearly every week the Plaintiffs worked for the Defendant they worked in excess of forty (40) hours per week.

14. During each week the Plaintiffs worked in excess of forty hours, the Defendant refused to pay the Plaintiffs overtime compensation for the hours they worked in excess of forty.

15. Around February 2012 Plaintiff Sanchez complained to his supervisor, Jeff Caskey, of Defendant's failure to pay overtime wages. Mr. Caskey responded, "If you got a problem with the money, why don't you just quit?".

16. Plaintiff Sanchez was terminated around February 27, 2012.

17. As a direct result of Defendant's termination of Plaintiff Sanchez he has suffered, and continues to suffer, lost wages (including back, present and front pay along with the value of benefits associated with such wages) and dignitary harms including worry, stress, anxiety and similar unpleasant emotions.

## COUNT I

Plaintiffs incorporate the allegations above and further state:

18. Failure to pay overtime wages is a violation of 29 U.S.C. § 207, *et seq.* and Oklahoma's Protection of Labor Act which requires payment of wages within eleven (11) days of an employee earning such wages.

19. Defendant maintains an illegal policy of paying its employees which is contrary to the FLSA as well as Oklahoma law.

20. Under the FLSA and Oklahoma's wage laws, Plaintiffs are entitled to their unpaid wages, prejudgment interest, attorney fees and costs together with equitable relief in the form of a declaration that Defendant's wage policy is unlawful as applied both to themselves and to other employees and an injunction against the continued

use and enforcement of such policy as to Defendant's other employees. Under Oklahoma law Plaintiffs are entitled to a 2% per day liquidated damages award not to exceed 100% of the unpaid wages for each day such wages and overtime were unpaid after the pay period in which they should have been paid. Because the actions of Defendant were willful, Plaintiffs are entitled to liquidated damages under the FLSA in an amount equal to the unpaid wages and overtime. Plaintiffs does not seek a double recovery. Plaintiffs are also entitled to recover attorney fees and costs.

21. Because Plaintiffs' injuries arise from an unlawful policy, Plaintiffs should, upon discovery of the identity of the similarly treated employees, be entitled to a certification of a class of injured employees entitled to such relief. There are approximately, to Plaintiffs' knowledge, over one hundred employees who would be subject to the same unlawful policy and who would have suffered the same injury with the only distinction between the amount of injury each suffered.

## COUNT II

Plaintiffs incorporate the allegation above and further state:

22. This count goes to Plaintiff Sanchez only.

23. Retaliation, including termination, for Plaintiff's complaints of Defendant's failure to pay wages is prohibited by the FLSA and by Oklahoma's clearly established public policy. Such policy is set out in ***Reynolds v. Avance Alarms, Inc.***, 232 P.3d 907, 2009 OK 97 and 40 O.S. 165.1, *et seq.*, requiring payment of wages but providing no remedy for retaliatory termination.

24. Under this Count Plaintiff is entitled to his lost earnings (including back, present and future and the value of benefits associated with such earnings), attorney fees and costs, and compensation for his dignitary harm damages. Plaintiff is entitled to liquidated damages under the FLSA and punitive damages under the public

policy claim because Defendant's actions were willful, malicious or, at the least, in reckless disregard for Plaintiff's rights.

**WHEREFORE,** Plaintiffs pray that they be granted judgment in their favor and against the Defendant on all of his claims and that this Court grant the Plaintiff all available compensatory damages, punitive damages, liquidated damages, pre- and post-judgment interest, costs, attorney's fees and any other legal or equitable relief allowed by law.

**RESPECTFULLY SUBMITTED THIS 19th DAY OF MARCH, 2012.**

HAMMONS, GOWENS & HURST

_/s/ Mark Hammons_

Mark Hammons, OBA #3784
Amber L. Hurst OBA#21231
HAMMONS, GOWENS & hurst
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Amberh@hammonslaw.com
Mark@hammonslaw.com

*Counsel for Plaintiff*

JURY TRIAL DEMANDED
ATTORNEY'S LIEN CLAIMED