IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MIGUEL SANCHEZ,
SHANE SCHNEIDER and
EDDIE HOWARD,
on behalf of themselves and others similarly
situated,

        Plaintiffs,

v.

NITRO LIFT TECHNOLOGIES, L.L.C.,

        Defendant.

Case No. CIV-12-128-RAW

## ORDER

Before the court is Defendant's motion to dismiss and compel arbitration, or in the alternative, to stay proceedings pending arbitration [Docket No. 11]. Also before the court is Plaintiffs' demand for jury trial on the arbitration issue and Defendant's opposition thereto. Plaintiffs have brought this action pursuant to the Fair Labor Standards Act (hereinafter "FLSA") and Oklahoma's Protection of Labor Act. Plaintiffs allege that Defendant refused to pay them overtime that they worked.

During the course of their employment with Defendant, Plaintiffs each signed an agreement with Defendant, titled "CONFIDENTIALITY / NON-COMPETE AGREEMENT." The subject matter of the agreement is confined *solely* to Plaintiffs' promises regarding confidentiality and competition with Defendant. Within that agreement is an arbitration clause stating that "any dispute" between the parties will be settled by arbitration. Because the arbitration clause includes the words "any dispute," Defendant argues that it applies to the case now before this court.

As the Tenth Circuit has noted, "[i]t is true that '[t]he Supreme Court has long recognized and enforced a liberal federal policy favoring arbitration agreements,' and that '[u]nder this policy, the doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Cummings v. FedEx Ground Package System, Inc., 404 F.3d 1258, 1262 (10th Cir. 2005) (citation omitted). Nevertheless, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Id. (citation omitted).

It is clear that in signing the "CONFIDENTIALITY / NON-COMPETE AGREEMENT," Plaintiffs agreed to arbitrate matters within the scope of that agreement. Plaintiffs did not agree to arbitrate matters outside the scope of the agreement. While Defendant drafted a broad arbitration clause, to extend it to the case now before this court would be take it well beyond the scope and subject matter of the agreement in which it resides.

Accordingly, Defendant's motion [Docket No. 11] is hereby DENIED. Plaintiff's demand for a jury trial on the arbitration issue is also DENIED as MOOT.

IT IS SO ORDERED this 21st day of June, 2012.

**Dated this 21st day of June, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma