IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

MIGUEL SANCHEZ,
SHANE SCHNEIDER and
EDDIE HOWARD,
on behalf of themselves and others similarly
situated,
        Plaintiffs,

v.

NITRO LIFT TECHNOLOGIES, L.L.C.,
        Defendant.

Case No. CIV-12-128-RAW

# ORDER

This action was filed on March 21, 2012. On May 14, 2012, Defendant filed a motion to dismiss and compel arbitration, or in the alternative, to stay proceedings pending arbitration (hereinafter "motion to compel arbitration"). On June 15, 2012, Plaintiffs filed an Amended Complaint, adding Eddie Howard as a Plaintiff.

On June 21, 2012, this court entered an Order denying Defendant's motion to compel arbitration. The court opined that the Fair Labor Standards Act (hereinafter "FLSA") action now before this court is well outside the scope and subject matter of the "CONFIDENTIALITY / NON-COMPETE AGREEMENT" between Defendant and Plaintiffs, and that therefore, the arbitration clause within that contract does not cover it.

On June 29, 2012, Defendant filed a notice of appeal of this court's order denying Defendant's motion to compel arbitration. Of course, pursuant to 9 U.S.C. § 16(a)(1)(C), Defendant has the right to file an interlocutory appeal of this court's denial of its motion to compel arbitration. McCauley v. Halliburton Energy Services, Inc., 413 F.3d 1158, 1160 (10th Cir. 2005). Additionally, "upon the filing of a non-frivolous § 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits." Id. Defendant's appeal is not frivolous.

Contemporaneously with its notice of appeal, Defendant filed another motion to compel arbitration. Defendant notes that it "understands this Court has already considered the briefing of the parties on the arbitration issues raised in response to the Original Complaint," but states that this motion is in response to the Amended Complaint filed on June 15, 2012. Defendant then goes on to argue the same points it argued in the previous motion along with its position that the court erred in its ruling on the previous motion.

Clearly, the addition of one Plaintiff does not change the outcome on this issue. Defendant filed this motion for the primary purpose of requesting that the court reconsider its ruling, arguing that the court failed to follow the law and that its ruling is in error. Additionally, the court does not believe Defendant intended to file a motion that would simply sit unresolved pending the outcome of the appeal that would resolve the issues therein.[1]

Accordingly, the court construes the motion as a Rule 60(b) motion to reconsider. Once a notice of appeal has been filed, a district court may consider a Rule 60(b) motion and either deny it on the merits or notify the appellate court of its intention to grant the motion upon proper remand. Aldrich Enterprises, Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1991). The court has considered the motion and hereby denies it.

As recognized by Defendant, "arbitration is a matter of contract." AT&T Tech., Inc. v. Communications Workers of Am., 475 U.S. 643, 648 (1986). Defendant ignores, however, the fact

---

[1] In fact, in its unopposed motion to stay this action pending its appeal, Defendant requests that the court rule on its motion so that it may appeal the court's Order as to all Plaintiffs. Such a ruling as to the additional Plaintiff is not necessary, of course, as the court will be required to apply the appellate ruling to all Plaintiffs. They all signed the same agreement.

The court also recognizes that Defendant insists in its Reply that it is not attempting to move for reconsideration of the court's prior Order. Certainly Defendant is aware, however, that the court has no jurisdiction to consider this motion at this time unless it is a motion to reconsider, as this is not a collateral matter, but in fact, the exact issue that is on appeal.

that "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Id. It is also true, as Defendant argues, that courts and public policy favor arbitration agreements. Perry v. Thomas, 482 U.S. 483, 489 (1987). "Doubts should be resolved in favor of coverage." United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 583 (1960).

Defendant argues that the court failed to employ the three-part test recognized in Cummings v. FedEx Ground Package Sys., Inc., 404 F.3d 1258 (10th Cir. 2005). Under this three-part inquiry, the court must: (1) classify the clause as broad or narrow; (2) if it is narrow, "determine whether the dispute is over an issue that is on its face within the purview of the clause, or over a collateral issue that is somehow connected to the main agreement that contains the arbitration clause," and (3) if it is broad, "there arises a presumption of arbitrability and arbitration of even a collateral matter will be ordered if the claim alleged implicates issues of contract construction or the parties' rights and obligations under it." Id. at 1261.

Given that the dispute at issue in this case is in no way related to the contract that holds the arbitration clause, the court's order was understandably short and did not specifically delineate its application of the three-part test. Nevertheless, even an explicit application of the test does not change the result. Because of the broadness of the arbitration clause itself, there of course arises a presumption of arbitrability. Unfortunately for Defendant, the arbitration clause is nestled within a narrow contract pertaining only to Plaintiffs' promises regarding confidentiality and competition with Defendant. The FLSA claims here are not even collateral to the "CONFIDENTIALITY / NON-COMPETE AGREEMENT." Thus, the presumption is overcome.

Defendant cites an abundance of cases in its motion, but not one of those cases enforces a broad arbitration clause in a dispute wholly unrelated to the contract that holds the arbitration

3

clause. In each case enforcing an arbitration clause, the dispute is at least related to the contract. Plaintiffs' FLSA claims are in no way related to the "CONFIDENTIALITY / NON-COMPETE AGREEMENT" they signed.

In its motion to reconsider, Defendant refers to the "CONFIDENTIALITY / NON-COMPETE AGREEMENT" as "the only employment contract signed by each Plaintiff with Nitro-Lift." Assuredly, in hindsight, Defendant would like to have had a general employment agreement with Plaintiffs. The fact is, it did not. Defendant cannot now transform the "CONFIDENTIALITY / NON-COMPETE AGREEMENT," so titled in bold letters by Defendant, into a general employment contract simply by stating that it is the only agreement Plaintiffs signed.

Defendant's motion to reconsider [Docket No. 37] is DENIED. As the court has previously ruled, this case is also stayed pending the outcome of Defendant's appeal.[2]

IT IS SO ORDERED this 3rd day of August, 2012.

**Dated this 3rd day of August, 2012.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[2] On July 26, 2012, so that the parties would not be forced to expend unnecessary resources to meet an upcoming deadline, this court granted Defendant's unopposed motion to stay and struck all deadlines and hearings. As Defendant requested in that unopposed motion, however, the court hereby resolves this motion.