# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MIGUEL SANCHEZ, SHANE SCHNEIDER and EDDIE HOWARD, on behalf of themselves and others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>NITRO LIFT TECHNOLOGIES, L.L.C.,<br>    Defendant. | Case No. CIV-12-128-RAW |

## ORDER

Plaintiffs filed this action on March 21, 2012, alleging that Nitro-Lift failed to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, *et seq*. and Oklahoma's Protection of Labor Act ("OPLA"), 40 OKLA. STAT. § 165.1, *et seq*. On June 21, 2012, the court denied Defendant's motion to dismiss and compel arbitration, holding that the arbitration clause within the confidentiality and non-compete agreement only applies to matters within the scope of that agreement. The court did not address the other arguments raised by the parties, including whether the arbitration clause is enforceable. On June 29, 2012, Defendant filed its Notice of Appeal and a motion to dismiss the amended complaint. The court construed the motion as a motion to reconsider and denied it on August 3, 2012.

On August 8, 2014, the United States Court of Appeals for the Tenth Circuit reversed this court's ruling. The Circuit Court found that the broad arbitration clause considered together with the entire language of the narrow contract creates an ambiguity. Sanchez, *et al.* v. Nitro-Lift Techs., L.L.C., 762 F.3d 1139, 1147 (10th Cir. 2014). Ambiguities are resolved in favor of arbitrability. Id. Accordingly, Plaintiffs' FLSA and OPLA claims fall within the scope of the

arbitration clause. Id. at 1148. The Circuit Court then directed this court to determine the effect of the cost-shifting provision in the arbitration clause in light of Shankle v. B-G Maint. Mgmt. of Colo., Inc., 163 F.3d 1230 (10th Cir. 1999) and Green Tree Fin. Corp.–Ala. v. Randolph, 531 U.S. 79 (2000) and the effect of Defendant's willingness to waive certain provisions of the agreement. Nitro-Lift, 762 F.3d at 1150-51. At the court's invitation, the parties filed briefs stating their positions post-remand. For the reasons delineated below, Defendant's motion to dismiss or stay this action and compel arbitration is granted.

**ENFORCEABILITY**

Plaintiffs have argued that the cost- and fee-shifting provisions in the Nitro-Lift employee contract violate the substantive rights afforded to employees by the FLSA. They have also argued that the forum selection clause would cause employees substantial expense to arbitrate in an inconvenient forum – Houston, as opposed to Oklahoma where they worked for Nitro-Lift. Plaintiffs have further argued that the clause requiring the application of the American Arbitration Association ("AAA") rules, specifically, the Commercial Arbitration Rules would force employees to pay substantial filing fees.[1]

Plaintiffs submitted affidavits in support of their assertion that the arbitration clause places too heavy a cost burden on them. Docket No. 58, Exhs. 2 and 3; Docket No. 64, Exhs. 1, 2 and 3. In their affidavits, the Plaintiffs reflect their current financial status and state that the $10,200 filing fee under the AAA's Commercial Arbitration Rules would prohibit them from pursuing their claims. Plaintiffs also submit evidence regarding the cost of arbitration and what their exposure would likely be under the arbitration clause if they were to lose. Docket No. 58,

---

[1] The Tenth Circuit pointed out that the AAA determined that the Employment Arbitration Rules would apply rather than the Commercial Arbitration Rules.

pp. 12-14 and Exh. 1.  Nitro-Lift does not dispute this evidence, but rather argues that Plaintiffs have incurred significant expenses and fees in this litigation.  Docket No. 62, p. 7.

The arbitration agreement included in the Nitro-Lift employee contract provides:

> *Any dispute, difference or unresolved question* between Nitro-Lift and the Employee (collectively, the "Disputing parties") shall be settled by arbitration by a single arbitrator mutually agreeable to the Disputing Parties in an arbitration proceeding conducted in Houston, Texas in accordance with the rules existing at the date hereof of the American Arbitration Association . . . *and the costs (including without limitation, reasonable fees and expenses of counsel and experts for the Disputing Parties) of such arbitration (including the costs to enforce or preserve the rights awarded in the arbitration) shall be borne by the Disputing Party whom the decision of the arbitrator is against.*  If the decision of the arbitrator is not clearly against one of the Disputing Parties or the decision of the arbitrator is against more than one Disputing Party on one or more issues, the costs of such arbitration shall be borne equally by the Disputing Parties.

Nitro-Lift, 762 F.3d at 1142-43 (emphasis in Nitro-Lift).  The contract includes a severability clause, but it does not apply to the arbitration provision.[2]

As the Tenth Circuit noted, while the Federal Arbitration Act ("FAA") favors arbitration agreements, "agreements which require the arbitration of statutory claims are only enforceable under the FAA so 'long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum.'"  Id. at 1148 (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991)(alteration in Gilmer).  The FLSA provides: "The court in such

---

[2] Nitro-Lift counters that if any of these provisions are found to be unlawful, the court should sever the provisions.  Section 1(k) of the agreement regarding non-competition and confidentiality contains a severance clause which states: "[t]o the extent that any part of *this Section 4(k)* may be invalid, illegal or unenforceable," the court may strike the unenforceable provisions and enforce the remaining parts.  Aplt. App. at 238 (emphasis added).  In context, however, it is apparent that "this Section 4(k)" is intended to be "this Section 1(k)."  Accordingly, the severance clause is by its terms applicable only to the section 1 provision on non-competition and corporate property.  Because the arbitration provision at issue is in Section 2 of the agreement, the severance clause does not apply to the arbitration provision.

Id. at 1150 n.8.

3

action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Id. (citing 29 U.S.C. § 216(b)). The FLSA provides only for a prevailing plaintiff to be awarded fees. Id. (citing Mach v. Will Cnty. Sheriff, 580 F.3d 495, 501 (7th Cir. 2009)). Under the FLSA, a prevailing defendant is only awarded fees when the plaintiff litigated in bad faith. Id. (citing Turlington v. Atlanta Gas Light Co., 135 F.3d 1428, 1437 (11th Cir. 1998)).

In Shankle, the Tenth Circuit held that an arbitration agreement that required an employee to pay a portion of the arbitrator's fees was unenforceable under the FAA. The agreement "placed Mr. Shankle between the proverbial rock and a hard place – it prohibited the use of the judicial forum, where a litigant is not required to pay for a judge's services, and the prohibitive cost substantially limited use of the arbitral forum." Shankle, 163 F.3d at 1235. Further, it "undermine[d] the remedial and deterrent functions of the federal anti-discrimination laws." Id.

In Green, the Supreme Court held that an arbitration agreement that was silent as to who would bear the costs of arbitration was enforceable because a mere "risk" of substantial costs to pursue her federal statutory claims was too speculative to justify the invalidation of the agreement. Green, 531 U.S. at 89-91. The plaintiff in that case did not meet her burden to show that she would bear substantial costs to arbitrate. Id. at 90-91. When "a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively expensive, that party bears the burden of showing the likelihood of incurring such costs." Id. at 92.

**Cost- and Fee-shifting Provisions**

Plaintiffs are correct in their argument that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the

4

legislative policies it was designed to effectuate." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 740 (1981). Shankle held unenforceable a provision that undermined federal statutory rights. Shankle, 163 F.3d at 1235. As noted above, the FLSA affords an employee the right to bring an action without fear of having to bear his employer's fees unless he litigates in bad faith. The Nitro-Lift employee contract attempts to negate this right with the cost- and fee-shifting provision. That provision, therefore, is void and unenforceable.

The court further finds that the cost- and fee-shifting provision would deter a substantial number of similarly situated potential litigants, as they would fear being stuck with substantial costs and fees in the event they did not prevail in their claim. Plaintiffs provided evidence regarding average costs of arbitration and what their exposure would likely be under the arbitration clause if they do not prevail. The costs are not merely speculative. Thus, the court also finds that under Green, the cost- and fee-shifting provision is unenforceable.[3]

**Forum Selection**

The court further finds that the forum selection clause would deter a substantial number of similarly situated potential litigants, as they live and work for Nitro-Lift in Oklahoma, and the Nitro-Lift employee contract requires arbitration in Houston, Texas. Traveling to and from Houston to arbitrate their claims would undoubtedly be cost prohibitive for many similarly situated potential litigants. Plaintiffs noted in their response to Defendant's original motion to dismiss that Houston, Texas is "about three hundred sixty miles from their residence and an equally long distance from where they worked for Defendant." Docket No. 15, p. 10.[4] This

---

[3]The court notes that if further evidence was necessary on this issue, it would have afforded Plaintiffs an opportunity to submit additional evidence.

[4]Where the page numbers differ, the court uses the page numbers assigned by CM-ECF.

5

distance combined with Plaintiffs' evidence about their current financial status is sufficient to show that arbitration in Houston, Texas would be prohibitively expensive.[5] Moreover, a forum selection clause "must bear a reasonable relationship to the transaction." Bakhsh v. JACRRC Enterprise, Inc., 895 P.2d 746, 747 (Okla.App. 1995). Houston, Texas does not bear a reasonable relationship to Plaintiffs' employment with Nitro-Lift in Johnston County, Oklahoma. Accordingly, the forum selection clause is unenforceable.

### AAA Rules

Plaintiffs argue that the AAA's Commercial Arbitration Rules would require them to pay a $10,2000 filing fee and submit evidence that they cannot afford that fee. As the Tenth Circuit pointed out, the AAA's Employment Arbitration Rules would apply rather than the Commercial Arbitration Rules. Under the Employment Arbitration Rules, an employee pays a $200 filing fee.[6] That amount would not deter a substantial number of similarly situated potential litigants, as it is less than the filing fee in this court.[7] Accordingly, the AAA rule clause does not render the Nitro-Lift employee contract arbitration clause unenforceable.

## WAIVER & SEVERANCE

Having found two of the provisions of the arbitration clause unenforceable, the court now looks to the effect of Nitro-Lift's offer to waive unenforceable provisions and whether the court

---

[5] The court again notes, that if further evidence was necessary, it would have allowed Plaintiffs to submit additional evidence.

[6] See American Arbitration Ass'n, Employment Arbitration Rules and Mediation Procedures (2014), p. 32, available at https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004362.

[7] The filing fee for a new civil case in the Eastern District of Oklahoma is $400. See Filing Fee Schedule, available at http://www.oked.uscourts.gov/fee-schedule.

may sever them without a severance clause. In determining these issues, the court applies state contract law. Nitro-Lift, 762 F.3d at 1150 n.9. While both parties look to Oklahoma law, the Nitro-Lift employee contract states that Louisiana law governs.

> This agreement shall, in all respects, be subject to and be interpreted, construed and enforced in accordance with the laws in effect in the State of Louisiana, without regard to its conflict of laws principles.

Docket No. 11, Exh. 1, p. 6.[8]

Oklahoma courts will recognize a choice-of-law clause unless: "(a) application of the chosen state's legal system [is] 'contrary to a fundamental policy' of the state with the materially greater interest in determining the question at hand and (b) the laws of the latter state would govern in the absence of an effective choice of law." Dean Witter Reynolds, Inc. v. Shear, 796 P.2d 296, 299 (Okla. 1990). As the contract was entered and performed in Oklahoma, Oklahoma has the materially greater interest in determining the issue at hand. Additionally, Oklahoma law would govern in the absence of an effective choice of law.

The court, therefore, looks to both Oklahoma and Louisiana law. If Louisiana law differs from Oklahoma and is contrary to a fundamental policy of Oklahoma, the court must apply Oklahoma law. If it differs and is not contrary to a fundamental policy of Oklahoma, the court must apply Louisiana law.

In Oklahoma, if an unenforceable provision "is an essential part of the agreement and the parties would not have agreed absent that provision, then the entire contract is unenforceable." Hargrave v. Canadian Valley Elec. Coop., Inc., 792 P.2d 50, 60 (Okla. 1990). If, however, the "unenforceable provision is not considered essential, the offending provision will be excised and

---

[8]As the Nitro-Lift employee contract is the same for all Plaintiffs, the court references only one copy.

the remaining portions of the contract will be enforced." Id. The court finds that the cost- and fee-shifting and the forum selection provisions were not essential to the agreement to arbitrate and that under Oklahoma law, it should be severed even without a severance clause.[9]

In Louisiana, it is well established that "[c]ourts are free to recognize, by interpretation of the will of the parties, that the [unenforceable] provision inserted in the agreement is only an accessory clause to which the agreement was not subject for its existence. In that case, the offending provision is deleted and the remainder of the agreement stands." Henderson Implement Co., Inc. v. Langley, 707 So.2d 482, 485-86 (La.App. 3rd Cir. 1998). The Louisiana Supreme Court has held that when a contractual provision is void as against public policy, it is not necessary that the entire agreement be declared null. Morse v. J. Ray McDermott & Co., Inc., 344 So.2d 1353, 1358 (La. 1977). In that case, the void provision is excised and the remainder of the agreement is enforced. Id.

Louisiana courts sever unenforceable provisions of a contract rather than declare an entire contract void. Wilson Warehouse Co. of Texas Inc., v Maryland Casualty Co., 269 So.2d 562 (La.App. 1st Cir. 1972). "Where the enforceable provisions of a contract can be severed from the unenforceable provisions, the courts should, in order to avoid inequities, sever the enforceable from the unenforceable portions, rather than declare the entire contract void." Starke Taylor & Sons, Inc. v. Riverside Plantation, 301 So.2d 676, 680 (La.App. 1975).

The court has already found that the cost- and fee-shifting and forum selection provisions

---

[9]Other courts have made the same determination. See Adams v. Republic Parking Sys., Inc., No. CIV-12-1310, 2013 WL 1450507, at *3 (W.D. Okla. Apr. 9, 2013) ("Clearly the primary purpose of the arbitration agreement was to provide a means of resolving employment-related disputes."); Smith v. AHS Oklahoma Heart, LLC, No. 11-CV-691, 2012 WL 3156877, at *4 (Aug. 3, 2012).

8

were not essential to the agreement to arbitrate. Under Louisiana law as well as under Oklahoma law, then, the provisions should be severed. The cost- and fee-shifting and the forum selection provisions are hereby severed from the arbitration agreement. The remainder of the agreement stands.

**CONCLUSION**

For the foregoing reasons, the motion to dismiss or stay this action and compel arbitration [Docket No. 60] is granted. Plaintiff's opposition [Docket No. 58] is denied. The portions of the arbitration agreement referencing costs, fees and forum are void and unenforceable and hereby severed from the arbitration agreement. The remainder of the agreement stands.

This case is stayed pending arbitration. The court directs the Clerk of Court to administratively close this case without prejudice. Any party may move to reopen the case upon completion of the arbitration proceedings or for any another proper purpose. The parties shall notify the court of the completion of the arbitration proceedings within fourteen (14) days thereof. If a motion to reopen this action is not filed within thirty (30) days of completion of the arbitration proceedings, this action will be deemed dismissed with prejudice and judgment will be entered.

IT IS SO ORDERED this 17th day of February, 2015.

**Dated this 17th day of February, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma